IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-99-FL-1

| | | |
|---|---|---|
| MICHAEL ANTHONY JONES, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to appoint counsel and motion for post-conviction relief under Federal Rule of Civil Procedure 60(b).

A.     Motion to Appoint Counsel

There is no right to appointed counsel in post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F. 3d 405, 416 (4th Cir. 2013). Appointment of counsel may be authorized if the "court determines that the interests of justice so require . . . for any financially eligible person who . . . is seeking relief under . . . 2255 of title 28." 18 U.S.C. § 3006A(2). In this instance, the court determines that the interests of justice do not require appointment of counsel.

B.     Rule 60(b) Motion

Upon careful review of petitioner's motion and the record in this case, the court has determined that the motion must be recharacterized as a successive petition attacking his conviction and sentence under 28 U.S.C. § 2255. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). For example, in his motion, petitioner seeks to present "newly discovered evidence" in support of a claim for ineffective assistance at trial. (Rule 60(b) Mot. (DE 230) at 4). Such a claim

"is in substance a successive habeas petition and should be treated accordingly." Gonzalez v. Crosby, 545 U.S. 524, 531 (2005).

Therefore, the court must dismiss petitioner's motion so recharacterized for lack of jurisdiction. See id.; United States v. McRae, 793 F.3d 392, 400 (4th Cir. 2015). 28 U.S.C. § 2244(b)(3)(A) provides that before a second or successive habeas corpus application may be filed in the district court, the applicant must move the appropriate court of appeals for an order authorizing the district court to consider the application. Accordingly, petitioner's motion is DISMISSED for lack of jurisdiction.

SO ORDERED, this the 30th day of April, 2018.

LOUISE W. FLANAGAN
United States District Judge