IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-99-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL ANTHONY JONES, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the following motions by defendant:

1) Motion to appoint counsel (DE 239);

2) Motion under Rule 60(b) "Fraud on the Court" (DE 240);

3) Motion under Rule 60(b) "Catch-All" (DE 242);

4) Motion under Rule 60(b) to disqualify judge and "new evidence" (DE 243);

5) Motion under Rule 60(b) for leave to amend "new facts" (DE 245);

6) Motion under Rule 60(b) to file affidavit regarding "defect in the integrity of federal habeas proceedings" (DE 246).

**COURT'S DISCUSSION**

With respect to the motion to appoint counsel, the court adheres to its prior ruling on April 30, 2018, denying defendant's motion for appointment of counsel, where good cause for appointment of counsel has not been shown. Therefore, this motion is denied.

With respect to the remaining motions, despite their titles on the docket and in their headings, the motions must all be recharacterized as successive petitions attacking defendant's conviction and

sentence under 28 U.S.C. § 2255. See United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). The instant motions all raise in substance in their entirety issues, facts, and arguments, pertaining to defendant's original conviction. For example, defendant particularly and repeatedly raises issues of a conflict of interest between defendant's counsel and the prosecution for purposes of the sentencing proceedings in July 2012. Despite references to "new facts" "defect in integrity" and "fraud on the court," the motions are in substance attacks on defendant's original conviction and sentencing proceedings.

"A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). "Similarly, a motion might seek leave to present newly discovered evidence, in support of a claim previously denied" and is thus "in substance a successive habeas petition and should be treated accordingly." Id. at 531. (quotations omitted). In addition, "[a] motion that seeks to add a new ground for relief, will of course qualify" as successive. Id. at 531-32. "[N]ew legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." Winestock, 340 F.3d at 207.

Defendant's instant motions meet these criteria and thus must be dismissed for lack of jurisdiction. See id.; United States v. McRae, 793 F.3d 392, 400 (4th Cir. 2015). 28 U.S.C. § 2244(b)(3)(A) provides that before a second or successive habeas corpus application may be filed in the district court, the applicant must move the appropriate court of appeals for an order

2

authorizing the district court to consider the application. Defendant's instant multiple filings in the district court prior to order of authorization from the court of appeals are repetitive, duplicative, and vexatious. Future filings raising defects in defendant's original conviction and sentencing proceedings may be DISMISSED summarily with reference to this order.

In sum, defendant's motion to appoint counsel (DE 239) is DENIED, and defendant's remaining motions (DE 240, 242, 243, 245, 246) are DISMISSED for lack of jurisdiction.

SO ORDERED, this the 16th day of July, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge