IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-99-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL ANTHONY JONES, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motions for reconsideration (DE 255, 261, 262) and motion for clarification (DE 263). With respect to the motions for reconsideration, the motions must all be recharacterized as successive petitions attacking defendant's conviction, and thus they must be DISMISSED for lack of jurisdiction. See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). With respect to the motion for clarification, the court CLARIFIES that defendant is not entitled to notice of the court's re-characterization of his motions under Castro v. United States, 540 U.S. 375, 383 (2003), because the motions are not defendant's first § 2255 motion. See United States v. Aigbekaen, 720 F. App'x 156, 157 (4th Cir. 2018) ("Castro . . . requires notice only when the district court recharacterizes a pro se litigant's motion as his first § 2255 motion.").

In addition, to clarify the present procedural posture of this case, the instant criminal case closed on July 27, 2012, and district court proceedings on defendant's first § 2255 motion ended with judgment on that motion on October 19, 2015, followed by dismissal of appeal thereof and denial of writ of certiorari on January 10, 2017. Before defendant can file a second or successive

§ 2255 application in the district court, he <u>must</u> "<u>move in the appropriate court of appeals</u> for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). A second or successive petition "<u>must be certified as provided in section 2244 by a panel of the appropriate court of appeals</u> to contain" either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h) (emphasis added).

SO ORDERED, this the 5th day of April, 2019.

LOUISE W. FLANAGAN
United States District Judge