IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-99-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | UNITED STATES' RESPONSE |
| v. | ) | IN OPPOSITION TO |
| | ) | DEFENDANT'S MOTION |
| MICHAEL ANTHONY JONES, | ) | FOR RECONSIDERATION |
| | ) | |
| Defendant. | ) | |

Defendant seeks reconsideration of this Court's denial of his motion for a reduction in his sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c) (often referred to as compassionate release). Under the applicable standard, Defendant is not entitled to relief. Accordingly, for the reasons set forth herein, Defendant's motion should be denied.

BACKGROUND

Between 1994 and his arrest on March 29, 2011, Defendant was the leader and organizer of a drug trafficking conspiracy. On April 19, 2011, the grand jury returned a two count indictment charging Defendant with (1) conspiracy to distribute and possess with the intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C §§ 846 and 841(a)(1) (Count One); and (2) possession with the intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C §§ 846 and 841(a)(1) (Count Two). [D.E. 18]. On July 6, 2011, pursuant to a written plea agreement, Defendant pled guilty to Count One of the indictment. [D.E. 46, 48]. On August 1,

1

2012, Defendant was sentenced to life imprisonment, followed by five years' supervised release. [D.E. 81].

Defendant appealed his sentence [D.E. 78]; however, the Fourth Circuit affirmed it on July 17, 2013. See [D.E. 137]. Defendant filed multiple motions to vacate his conviction and sentence, pursuant to 28 U.S.C § 2255, which were all denied. See [D.E. 146, 194, 219, 220, 250, 252]. Defendant is currently serving life imprisonment at FCI Butner Medium I. See [https://www.bop.gov/inmateloc/; Number 55277-056; last visited December 18, 2020].

On December 23, 2019, Defendant filed a motion for reduction of sentence pursuant to Section 404 of the First Step Act. [D.E. 289]. On May 11, 2020, Defendant filed a motion for appointment of counsel and for compassionate release. [D.E. 298]. On May 14, 2020, Defendant filed a supplemental memorandum in support of his motion for reduction in sentence. [D.E. 299]. On May 26, 2020, the United States filed a response in opposition to Defendant's motion to appoint counsel and for compassionate release. [D.E. 301]. Defendant filed several pro se supplemental memorandums in support of his motion for compassionate release. [D.E. 302, 303, 304]. Counsel for Defendant filed a motion for leave to supplemental memorandum in support of Defendant's motion for compassionate release, which was granted by the Court on June 23, 2020. [D.E. 306, 307]. Counsel for Defendant filed a memorandum in support of Defendant's motion for compassionate release on July 6, 2020, and again on September 24, 2020. [D.E. 309, 318]. On October 19, 2020, the

Court denied Defendant's motions for reduction of sentence pursuant to the First Step Act and 18 U.S.C. § 3582(c).

On November 9, 2020, Defendant filed a motion for reconsideration of the Court's denial of his motions for a reduction of sentence. [D.E. 323]. On November 24, 2020, Defendant filed a motion to amend his motion for reconsideration. [D.E. 324]. On December 1, 2020, Defendant filed a motion for leave to file a supplemental memorandum in support of his motion for reconsideration. [D.E. 327]. For the reasons herein, his motion for reconsideration should be denied.

## STANDARD OF REVIEW

Although "the Federal Rules of Criminal Procedure do not specifically provide for motions for reconsideration," Nilson Van & Storage Co. V. Marsh, 755 F. 2d 362, 364 (4th Cir. 1985), the Fourth Circuit has acknowledged that, in certain circumstances such as rehearing of orders in criminal proceedings, the district courts have the inherent authority to decide motions for reconsideration. United States v. Goodwyn, 596 F.3d 233, 2356 (4th Cir. 2010). In addressing such motions, courts, by analogy, are guided by the standard established by the civil rules, that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or facts or to present newly discovered evidence . . . Motions to reconsider are not proper where the motion merely asks the court to rethink what the Court had already thought through rightly or wrongly." DirectTV, Inc. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004); see United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982).

3

ARGUMENT

A. First Step Act

Regarding his motion for reduction of sentence based on the First Step Act, Defendant has not identified any intervening changes in the law or a clear error of law or a manifest injustice. Rather, Defendant argues that "the District court abuse [sic] its Discretion in Analysis Error in Misunderstanding the Legal Standard of a "Covered Offense" under [sic] First Step Act in United States v. Gravatt, 953 F.3d 258, 2020." [D.E. 327-1 at 2]. Defendant contends "the judicial determination of drug weight involving crack cocaine during sentencing is relevant to whether his offense 'is [sic] covered offense' under the First Step Act." [D.E. 324 at 1]. Defendant is wrong. The eligibility determination under the First Step Act, is based on the offense charged in the indictment, which in this case involves only powder cocaine. See United States v. Gravatt, 953 F.3d 258, 263-64 (4th Cir. 2020) (finding that the defendant was convicted of a covered offense under the First Step Act, where the defendant was charged conjunctively with conspiring to distribute both powered cocaine and crack cocaine); United States v. Snead, No. 20-6774, 2020 U.S. App. LEXIS 33830, at *1 (4th Cir. Oct. 27, 2020) (finding that the defendant who was convicted of distribution of a quantity of powder cocaine, was not convicted of a covered offense under the First Step Act; affirmed the district court's denial of relief). Thus, the Court's denial of the Defendant's motion to reduce sentence pursuant to the First Step Act was not an error of law, and his motion for reconsideration should be denied.

4

B. Compassionate Release

In his motion, the Defendant fails to identify any new evidence to establish that an extraordinary or compelling reason exists to justify a reduction in his sentence based on compassionate release. Rather, the Defendant argues that the Court was wrong in finding that the "hypothetical possibilities of reinfection and developing severe complications if reinfection occurs – where such complications did not develop with the first infection – are to remote to satisfy the extraordinary and compelling circumstance test." [D.E. 319 at 8; and D.E. 324 at 2]. Defendant is merely requesting that the Court rethink what the Court has already thought through. Moreover, Defendant fails to demonstrate that there were any "manifest errors of law or fact" in the Court's consideration of the § 3553(a) factors, or that there is "newly discovered evidence" on the § 3553(a) factors that should cause the Court to reconsider its prior denial of Defendant's motion for compassionate release. Accordingly, Defendant's motion for reconsideration should be denied.

## CONCLUSION

For the reasons stated above, the Court should deny Defendant's motion for reconsideration.

Respectfully submitted this 30th day of December, 2020.

>ROBERT J. HIGDON, JR.
>United States Attorney
>
>By: /s/ Asia J. Prince
>ASIA J. PRINCE
>Attorney for United States of America
>Assistant United States Attorney
>150 Fayetteville Street, Suite 2100
>Raleigh, NC 27601
>Telephone: (919) 856-4530
>Facsimile: (919) 856-4821
>Email: Asia.Prince@usdoj.gov
>N.C. Bar #48019

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this 30th day of December, 2020, served a copy of the foregoing upon the below listed party electronically using the CM/ECF system or by placing a copy of the same in the U.S. Mail, addressed as follows:

Michael Anthony Jones
Reg. No. 55277-056
FCI Butner 1, Med.
P.O. Box 1000
Butner, NC 27509

                ROBERT J. HIGDON, JR.
                United States Attorney

                By: <u>/s/ Asia J. Prince</u>
                ASIA J. PRINCE
                Attorney for United States of America
                Assistant United States Attorney
                150 Fayetteville Street, Suite 2100
                Raleigh, NC 27601
                Telephone: (919) 856-4530
                Facsimile: (919) 856-4821
                Email: Asia.Prince@usdoj.gov
                N.C. Bar #48019