IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CR-99-FL

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| MICHAEL ANTHONY JONES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's pro se motions for reconsideration (DE 323, 331), to amend motions for reconsideration (DE 324), for leave to file supplemental memorandum in support of reconsideration (DE 327), and renewed motion for reduction of sentence pursuant to § 404 of the First Step Act of 2018 (DE 333). The government responded in opposition and in this posture the issues raised are ripe for ruling.

**COURT'S DISCUSSION**

Defendant's motions in substance request that the court reconsider its October 19, 2020, order denying defendant's prior motions for reduction of sentence pursuant to § 404 of the First Step Act and for compassionate release. Defendant ultimately requests that the court grant the foregoing motions and reduce his life sentence to time served, which at this point is approximately 10 years' imprisonment.

With respect to the motions seeking a sentence reduction pursuant to § 404 of the First Step Act, the court adheres to its prior finding, as set forth in the October 19, 2020, order, that defendant is ineligible for relief under this provision where he was not convicted a "covered offense." (DE 319 at 4-5). As explained therein, § 404 defines the term "covered offense" as "a violation of a

Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" which in turns means § 404 applies only to defendants convicted of federal criminal offenses involving cocaine base. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. Gravatt, 953 F.3d 258, 263 (4th Cir. 2020) ("[T]he Fair Sentencing Act did not amend the penalties in 21 U.S.C. § 841(b)(1)(A)(ii) regarding powder cocaine"); United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019); see also United States v. Johnson, 961 F.3d 181, 190 n.6 (2d Cir. 2020). Defendant's offense of conviction is conspiracy to distribute and possess with the intent to distribute five kilograms or more of powder cocaine, and he is therefore ineligible for a sentence reduction under § 404.

The fact that defendant's advisory Guidelines range was calculated in part by reference to distribution of cocaine base is irrelevant to the foregoing analysis. The only relevant fact is that the indictment charged defendant with distributing powder cocaine, and only powder cocaine. Gravatt, 953 F.3d at 263. While it is true that the United States Court of Appeals for the Fourth Circuit has held that a conspiracy offense involving both powder cocaine and cocaine base is a covered offense, that holding is limited to cases where the charging instrument (such as the indictment) alleges distribution of both cocaine base and another controlled substance. See id. at 263–64. As explained above and in the October 19, 2020, order, defendant's indictment does not allege he distributed cocaine base, and his statutory penalties were based solely on the powder cocaine offense alleged in the indictment. Accordingly, defendant was not convicted of a "covered offense" under § 404(b). See id. at 263; Johnson, 961 F.3d at 190 n.6.

Turning to defendant's renewed requests for compassionate release, the court has evaluated the motions under the governing standards. See 18 U.S.C. § 3582(c)(1)(A); United States v.

2

Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275-76 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020). Having fully considered defendant's arguments, the court finds compassionate release is not justified under the 18 U.S.C. § 3553(a) factors for the reasons set forth in the October 19, 2020, order. (DE 319 at 9–11). Defendant's instant motions do not present significant new evidence that would change the court's recent finding that a sentence of 10 years' imprisonment is insufficient to accomplish the goals of sentencing in this case.

The court also observes that defendant's instant motions repeatedly raise factual and legal arguments that the court addressed and rejected in the October 19, 2020, order. The filings themselves are duplicative and redundant of each other, and repetitive, meritless motions such as these are vexatious and impede the efficient administration of the court's docket. Defendant also has been warned previously that his excessive, meritless, and duplicative filings are vexatious. (June 27, 2019, order (DE 278) at 2–3; July 16, 2018, order (DE 247) at 2–3).

Defendant is DIRECTED to cease filing motions raising the same factual and legal arguments presented in the instant motions. The court further warns defendant that it has authority, under the All Writs Act, 28 U.S.C. § 1651, "to limit access to the courts by vexatious and repetitive litigants . . . ." Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). Although "such a drastic remedy must be used sparingly . . . consistent with constitutional guarantees of due process of law and access to the courts," id. at 817, the court nevertheless may issue a prefiling injunction in "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions," id. at 818 (internal quotation marks omitted); see also United States v. Woods, 411 F. App'x 594 (4th Cir. 2011) (affirming pre-filing

injunction requiring defendant to obtain court approval before filing additional post-judgment motions in a criminal case). In the event defendant fails to comply with the instruction in the first sentence of this paragraph, the court will consider directing defendant to show cause why he should not be subject to a pre-filing injunction that requires defendant to obtain leave of court before filing additional post-judgment motions in this case. Finally, repetitive motions raising the same factual or legal arguments presented in the instant motions will be denied summarily with reference to this order and the October 19, 2020, order.

## CONCLUSION

Based on the foregoing, defendant's motions to amend motion for reconsideration (DE 324) and for leave to file supplemental memorandum in support of reconsideration (DE 327) are GRANTED. Defendant's motions for reconsideration (DE 323, 331), as amended and supplemented, are DENIED, and defendant's renewed motion for reduction of sentence pursuant to § 404 of First Step Act (DE 333) is DISMISSED without prejudice for lack of jurisdiction.

SO ORDERED, this the 17th day of June, 2021.

LOUISE W. FLANAGAN
United States District Judge